UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO CONTRERAS,

        Plaintiff,

v.                                                Case No. 1:18-cv-1387
                                                 Hon. Paul L. Maloney

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant,
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplement security income (SSI).

Plaintiff alleged a disability onset date of March 1, 2013.[1] PageID.363. Plaintiff alleged his disabling conditions as osteoporosis, arthritis, depression, and lower back pain. PageID.354. Prior to applying for DIB and SSI, plaintiff earned a GED and had previous employment as a diesel mechanic, press operator, and floor layer. PageID.188. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on February 15, 2018. PageID.181-190. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] The Court notes that while plaintiff alleged a disability onset date of March 1, 2013, he did not file his applications for DIB and SSI until nearly three years later on January 25, 2016. PageID.181.

### I.   LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.    ALJ's DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 1, 2013, and that he met the insured status requirements of the Social Security Act through March 31, 2014. PageID.183. At the second step, the ALJ found that plaintiff had severe impairments of obesity and spinal degenerative disc disease. PageID.183. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.185.

The ALJ decided at the fourth step that:

> Claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except he can never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, balance, stoop, kneel, crouch, crawl; with no exposure to hazards such as the operation of moving machinery and unprotected heights.

PageID.185. The ALJ also found that plaintiff is capable of performing his past relevant work as a press operator as that job is normally performed because this work does not require the performance of work-related activities precluded by his residual functional capacity (RFC). PageID.188. The ALJ explained:

> As required by SSR 82-62, this work was substantial gainful activity, performed long enough for claimant to achieve average performance, and performed within the relevant period. In comparing claimant's adopted residual functional capacity with the physical and mental demands of his past work, I find that claimant can perform the press operator job, but only in the manner generally performed.

PageID.188.

Although the ALJ concluded that plaintiff was not disabled at step four, he found that plaintiff could also perform other unskilled, light work in the national economy and made

alternative findings at step five.  PageID.188-189.  Specifically, the ALJ found that plaintiff could perform the requirements of light and unskilled occupations in the national economy such as office clerk (158,000 jobs), information clerk (57,000 jobs), and record clerk (42,000 jobs).  PageID.190.  Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from March 1, 2013 (the alleged onset date) through February 15, 2018 (the date of the decision).  PageID.189-190.

### III. DISCUSSION

Plaintiff set forth one issue on appeal.

**The ALJ's step three determination is not supported by substantial evidence.**

#### A. Step three

"The issue in this case is whether the Plaintiff medically equals Listing 1.04.  Plaintiff contends that by a preponderance of the evidence the medical evidence of record he medically equals Listing 1.04."  Plaintiff's Brief (ECF No. 12, PageID.842).  Plaintiff claims that the ALJ committed error at step three because (1) the ALJ did not address Listing 1.04(A), and (2) plaintiff demonstrated by a preponderance of the evidence that his condition was medically equal to Listing 1.04(A).

"[S]tep three streamlines the decision process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background."  *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987).  The disability listings contain over a hundred conditions severe enough to prevent an individual from doing any gainful activity, and streamline the decision process "by shifting the focus away from the individual's ability to work and onto his impairments."  *Sheeks v. Commissioner of Social Security Administration*, 544 Fed. Appx. 639, 641 (6th Cir. 2013) (internal quotation marks omitted).  At

5

step three, a claimant bears the burden of demonstrating that he meets or equals a listed impairment. *See Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir.1987). In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id.* An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§404.1525(d) and 416.925(d).

### B. Plaintiff's DIB claim

Defendant contends that plaintiff has failed to present medical evidence to support his DIB claim. The Court agrees. "[I]nsured status is a requirement for an award of disability insurance benefits." *Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir. 1984). Since plaintiff's insured status for purposes of receiving DIB expired on March 31, 2014, he cannot be found disabled unless he can establish that a disability existed on or before that date. *Id.* "Evidence of disability obtained after the expiration of insured status is generally of little probative value." *Strong v. Social Security Administration*, 88 Fed. Appx. 841, 845 (6th Cir. 2004). "[P]ost-date-last-insured medical evidence generally has little probative value unless it illuminates the claimant's health before the insurance cutoff date." *Grisier v. Commissioner of Social Security*, 721 Fed. Appx. 473, 477 (6th Cir. 2018). *See Jones v. Commissioner of Social Security*, No. 96-2173, 1997 WL 413641 at *1 (6th Cir. July 17, 1997) (such evidence "is only considered to the extent it illuminates a claimant's health before the expiration of his or her insured status") citing *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) and *Siterlet v. Secretary of Health & Human Services*, 823 F.2d 918, 920 (6th Cir. 1987).

Plaintiff seeks DIB from March 1, 2013 (his alleged onset date) through March 31, 2014 (his date last insured). Defendant points out that plaintiff's application for DIB fails because "[h]is insured status expired on March 31, 2014 (PageID.183) and the first medical record is from January 13, 2015 (*see* PageID.453-57), which effectively prevents him from proving disability for purposes of DIB." Defendant's Brief at n. 1(ECF No. 13, PageID.847). Given this record, plaintiff's claim for DIB fails because there is no medical evidence of his condition on or before his date last insured of March 31, 2014. Accordingly, plaintiff's DIB claim should be denied.

### C.    Plaintiff's SSI claim

Plaintiff has presented medical evidence relevant to his SSI claim, which is based upon his condition as it existed on or after his disability application date of January 25, 2016. *See Casey*, 987 F.2d at 1233. At step two, the ALJ concluded that plaintiff had severe impairments of obesity and spinal degenerative disc disease. PageID.183. In determining plaintiff's severe impairments, the ALJ addressed plaintiff's conditions under the disorders contained in Listing 12.00 and concluded that plaintiff's depression was not a severe impairment. PageID.183-185. The ALJ also determined that plaintiff's substance abuse (marijuana and cocaine) was not a contributing factor material to a finding of disability. PageID.184-185.

At step three, the ALJ addressed the listing of impairments as follows:

> The record does not establish the medical signs, symptoms, laboratory findings or degree of functional limitation required to meet or equal the criteria of any listed impairment *and no acceptable medical source designated to make equivalency findings had concluded that claimant's impairment medically equal a listed impairment*. Specifically, I considered claimant's impairments under listings 1.00 and 12.00, but concluded that claimant's impairments did not satisfy the requirements of the listed impairments.

PageID.185 (emphasis added).

As discussed, plaintiff contends that the ALJ erred because the ALJ failed to address Listing 1.04(a) and plaintiff demonstrated that his condition was medically equal to that listing. Here, the ALJ's review of the listings did not explicitly address the requirements of Listing 1.04(A). As the court explained in *Sheeks*,

> The relevant regulations require the ALJ to find a claimant disabled if he meets a listing. Yet they do not require the ALJ to address every listing—and with ample reason. There are a hundred or so listings. In the normal course, as a result, the ALJ need not discuss listings that the applicant clearly does not meet, especially when the claimant does not raise the listing before the ALJ. If, however, the record "raise[s] a substantial question as to whether [the claimant] could qualify as disabled" under a listing, the ALJ should discuss that listing. *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990).

*Sheeks*, 544 Fed. Appx. at 641.

> A claimant must do more than point to evidence on which the ALJ could have based his finding to raise a "substantial question" as to whether he has satisfied a listing. . . Rather, the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing.

*Smith-Johnson v. Commissioner of Social Security*, 579 Fed. Appx. 426, 432 (6th Cir. 2014).

The ALJ considered plaintiff's claim under Section 1.00 and determined that plaintiff's condition did not meet or medically equal any listed impairment. Plaintiff contends that his condition medically equals Listing 1.04(A). That listing contains the following requirements:

> Listing 1.04 *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04(A).

"For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original). A social security claimant cannot qualify for benefits under the equivalence step by merely "showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Id.* An impairment will be deemed medically equivalent to a listed impairment if the symptoms, signs and laboratory findings as shown in the medical evidence are at least equal in severity and duration to a listed impairment. *See Land v. Secretary of Health and Human Services*, 814 F.2d 241, 245 (6th Cir. 1986).

Generally, the opinion of a medical expert is required before a determination of medical equivalence is made. *Retka v. Commissioner of Social Security*, No. 94-2013, 1995 WL 697215 at *2 (6th Cir. Nov 22, 1995). In this regard, SSR 17-2p "clarified that an ALJ is *not* required to obtain a medical expert's opinion before making a finding that an individual's impairments do not meet or equal a listing impairment." *Gamble v. Commissioner of Social Security*, No. 1:18-cv-368, 2019 WL 4280177 at *3 (Aug. 16, 2019), R&R adopted, 2019 WL 4276631 (W.D. Mich. Sept. 10, 2019) (emphasis in original). *See Engelman v. Commissioner*, No. 1:18-cv-760, 2019 WL 2125536 at *3 (W.D. Mich. April 19, 2019) (this Court "has consistently rejected the argument that an ALJ is required to obtain an expert medical opinion on the question of equivalence" at step three) (citation and quotation omitted).

Plaintiff contends that his conditions equal the requirements of the Listing 1.04(A), listing medical records between January 2016 and February 2017 which include diagnoses and subjective complaints including L5 nerve root impingement, back pain radiating to the bilateral

9

extremities, positive straight leg raising, chronic back pain radiating to the lower extremities, and paraspinal muscle spasms. Plaintiff's Brief (ECF No. 12, PageID.843-844). However, plaintiff has failed to present any medical expert opinions to establish that these diagnoses and subjective complaints are medically equal to Listing 1.04(A). Based on this record, plaintiff has failed to demonstrate that his condition equals the requirements of that listing. Furthermore, the only medical opinion to address Listing 1.04 found that plaintiff was not disabled. On May 5, 2016, non-examining physician Thomas Chiambretti, D.O., prepared an RFC report: stating that he considered Listing 1.04; stating that plaintiff had the RFC to perform a limited range of light work; and, concluding that plaintiff was not disabled. PageID.235-240.

Finally, the ALJ's failure to address a specific listing at step three is harmless error where the claimant failed to show that her condition meets or medically equals a listed impairment. *See Allen v. Commissioner of Social Security*, No. 1:16-cv-170, 2016 WL 6471092 at *3 (W.D. Mich. Nov. 2, 2016) ("the Sixth Circuit recognizes that any error with respect to the ALJ's step three analysis is harmless unless the claimant can establish that she satisfied the listing in question") (citing *Forrest v. Commissioner of Social Security,* 591 Fed. Appx. 359, 366 (6th Cir. 2014). Because plaintiff did not show that his condition medically equals Listing 1.04(A), the ALJ's failure to address that listing is harmless error. *Id.* Accordingly, plaintiff's claims of error should be denied.

## IV.  RECOMMENDATION

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **AFFIRMED**.

Dated: January 9, 2020                             /s/ Ray Kent
                                                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).